IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMY CORNELL TERRY, #170924 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-738-TMH |
| | ) | [WO] |
| | ) | |
| CHRIS HURLEY and DANNY | ) | |
| BLANCHARD, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Jimmy

Cornell Terry ["Terry"], a state inmate, on September 27, 2013.[1]  In this complaint, Terry

maintains that Chris Hurley and Danny Blanchard, officers with the Enterprise Police

Department, improperly arrested him on December 17, 2010, for violations of the Alabama

Community Notification Act ["ACNA"], *Ala. Code* 1975 § 15-20-1 *et seq.* (1975, as amended)

(effective until repeal).[2]  Terry also challenges the constitutionality of his current incarceration

---

[1] Although the Clerk stamped the complaint "received" on October 7, 2013, Terry indicates that he presented the complaint to prison officials for mailing on September 27, 2013.  *Complaint - Doc. No. 1* at 4.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Terry] signed it...." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers September 27, 2013 as the date of filing.

[2] On July 1, 2011, the ACNA was repealed by the Alabama Sex Offender Registration and Community Notification Act, Alabama Act No. 2011–640, § 49, Ala. Code § 15–20A–1, *et seq.*, ["ASORCNA"].  The ASORCNA now governs the registration and community notification requirements applicable to adult sex offenders, *see* Ala. Code § 15-20A-4(1), and is "applicable to every adult sex offender convicted of a sex offense as defined in Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose."  Ala. Code § 15-20A-3.

in the Alabama prison system based on convictions imposed upon him by the Circuit Court of Coffee County, Alabama with respect to violations of the ACNA. Terry seeks monetary damages and release from incarceration. *Complaint - Doc. No. 1* at 4.

Upon review of the complaint and amendment thereto, the court concludes that this case is subject to summary dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3]

## II.  DISCUSSION[4]

### A.  The Improper Arrest Claim

Terry complains that in December of 2010 the defendants improperly arrested him for violations of the ACNA as he "was given permission by Orlando, Fl. to leave the State of Florida and move to Enterprise, Alabama." *Complaint - Doc. No. 1* at 2-3.[5]   The records of this court demonstrate that Terry was arrested on December 17, 2010, and charged with violating two provisions of the ACNA: failure to register as a sex offender and failure to possess mandatory sex offender identification. *United States v. Terry*, 1:11-CR-25-MEF-SRW (M.D. Ala. 2011). It is clear from the complaint, as amended, that Terry's challenge to the constitutionality of his arrest on December 17, 2010, is barred by the statute of limitations applicable to a federal civil

_____

[3]Except for requiring payment of an initial partial filing fee as directed by 28 U.S.C. § 1915(b)(1)(A), the court granted Terry leave to proceed *in forma pauperis* in this cause of action. *Order of October 21, 2013 - Doc. No. 4* at 3. The complaint is therefore subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which require that despite payment of any portion of the filing fee the court may dismiss a prisoner's claims prior to service of process if the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4]The facts set forth herein are gleaned from the instant complaint and the record of a criminal case before this court, *United States v. Terry*, 1:11-CR-25-MEF-SRW (M.D. Ala. 2011), in which the plaintiff pled guilty to a violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250.

[5]The court notes that receipt of permission by a sex offender to change his state of residence does not relieve the offender of the legal obligation to register as a sex offender upon such change in address.

action filed by an inmate under 42 U.S.C. § 1983.

> ***All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.*** *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (emphasis added).

The alleged improper arrest referenced by Terry occurred on December 17, 2010. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief.[6] Terry, however, alleges that he is entitled to equitable tolling of the limitation period during the time of his confinement in the Coffee County Jail based on his lack of access to a law library. *Amendment to Complaint - Doc. No. 7* at 1-2 (While "confined in the Coffee County Jail for (417) day[s] [plaintiff had] no access to the law library and that is the reason that [the improper arrest claim] was not brought within the time prescribed by law and he should be given the opportunity to proceed....").

Case law allows equitable tolling of a federal limitation period "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be

---

[6]This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Terry was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file [the civil action] on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

Based on applicable federal law, the court finds that mere lack of access to a law library for a limited period of time fails to satisfy the requisite elements for equitable tolling of the limitation period. Specifically, it is well settled that an inmate's lack of legal knowledge, the denial of access to a law library, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se*

status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."). *Davis v. Rudek*, 647 F.3d 971, 973 (10th Cir. 2011) (mere allegation of limited access to a law library "failed to demonstrate any circumstance that justifies equitable tolling.").

With respect to Terry's claim challenging his lack of access to a law library while he was confined at the Coffee County Jail, neither an allegedly inadequate jail law library nor limited access thereto, standing alone, establishes extraordinary circumstances warranting equitable tolling of the limitation period. *Felder*, 204 F.3d at 171; *Marsh*, 223 F.3d at 1220. In addition, it is clear from the complaint that at the time of his arrest Terry had knowledge of the factual basis on which to challenge the arrest. Thus, the improper arrest claim was apparent to Terry at the time of his arrest, and the court cannot agree that lack of access to a law library at the Coffee County Jail made it impossible for Terry to present this claim prior to expiration of the two-year period of limitation. Moreover, Terry has presented nothing to establish that he acted

with diligence either while he was confined in the Coffee County Jail, during the time after his transfer from the jail to state/federal custody, or while he was in the free world.[7] Consequently, the allegations set forth by Terry do not establish the existence of an "extraordinary circumstance" which prevented Terry from filing a timely federal civil rights action.

Under the facts and circumstances of this case, the statute of limitations began to run on December 18, 2010.[8]  The limitation period ran uninterrupted until it expired on December 18, 2012.  As previously noted, Terry filed the instant complaint on September 27, 2013.  This filing occurred over nine months after the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in a section 1983 action it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(I)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."

---

[7]The records of this court indicate that sometime in 2012 Terry was released from incarceration on the convictions imposed against him by this court and the Circuit Court of Coffee County for violations of state and federal laws governing the registration of sex offenders. "On January 26, 2013, Terry was arrested by the Enterprise Police Department and charged with Domestic Violence III." *United States v. Terry*, 1:11-CR-25-MEF-SRW (M.D. Ala. 2011) - *Doc. No. 42* at 1.

[8]In computing the period of limitation, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

*Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants  the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts presented in the complaint and amendment thereto, Terry has no legal basis on which to proceed with respect to his arrest on December 17, 2010, as he filed this case more than two years and nine months after the action about which he complains occurred.  As previously determined, the statutory tolling provision is unavailing and equitable tolling is not warranted.  In light of the foregoing, the court concludes that Terry's challenge to his arrest on December 17, 2010, is barred by the applicable two-year period of limitation which expired on December 18, 2012, and the challenge to this arrest is therefore subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).[9]  *See Clark v. Georgia Pardons and Parole*

---

[9]Even if Terry had timely challenged his arrest, it is clear that probable cause existed to arrest Terry as he failed to register as a sex offender when he moved to Enterprise, Alabama, a fact acknowledged by Terry in his guilty plea before this court.

*Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[10]

**B.  The Challenge to Plaintiff's Conviction and Imprisonment**

Terry argues that his imprisonment based on convictions imposed upon him by the Circuit Court of Coffee County, Alabama for violations of the ACNA is unconstitutional, as the evidence did not support his convictions.  *Complaint - Doc. No. 1* at 3.  To the extent that Terry attacks the constitutionality of his convictions and resulting incarceration, this collateral attack is not cognizable in this cause of action.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487; *Balisok*, 520 U.S. at 646-648.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his incarceration.  *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The

---

[10]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

"sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction ... may not do that in a civil suit, other than a suit under the habeas corpus statute...."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

It is clear that Terry's convictions forming the basis for his present incarceration have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Terry's use of any federal civil action, other than a 28 U.S.C. § 2254 application for habeas corpus relief, to mount a collateral attack on the convictions. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, those claims seeking relief from the convictions and sentences imposed by the

Circuit Court of Coffee County, Alabama are prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's challenge to the constitutionality of his arrest on December 17, 2010, be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

2.  To the extent that the plaintiff challenges the constitutionality of his convictions by the Circuit Court of Coffee County, Alabama and the incarceration resulting therefrom, these claims be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in the instant civil action.

3.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before January 17, 2014, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE